# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| LARRY WAYNE THACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-32-HSM-MCLC |
| | ) | |
| ROBBIE GOINS, ERIC JONES, TY | ) | |
| DAUGHERTY, MEGAN SHEPARD, | ) | |
| PENNY HICKS, and | ) | |
| DR. BURRELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's pro se amended complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 [Doc. 9]. On March 5, 2018, the Court entered an Order screening Plaintiff's original complaint, and found that "[w]hile Plaintiff's complaint as stated does not state a claim upon which relief may be granted as filed against the Defendants, some of Plaintiff's allegations could state a claim, if amended" [Doc. 7 p. 8]. The Court then granted Plaintiff leave to file an amended complaint within twenty-one (21) days from the date of entry of the Court's Order [*Id.*]. Plaintiff then filed his amended complaint on March 19, 2018 [Doc. 9], and a supplement to his amended complaint on April 23, 2018 [Doc. 10].

Plaintiff's amended complaint must also be screened to determine whether it states a claim entitling Plaintiff to relief, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons discussed below, this action will proceed only as to Plaintiff's excessive force claim against Defendant Daugherty in his individual capacity.

# I.    BACKGROUND

In his amended complaint, Plaintiff brings suit against Defendants Goins, Jones, Daugherty, Sheppard, and Hicks [Doc. 1 p. 3].  Plaintiff alleges that on December 15, 2016, Defendant Daugherty used excessive force in the course of arresting him after being dispatched to Plaintiff's residence for a domestic violence call [*Id.* at 4].  Specifically, Plaintiff claims that he was "violently thrown against the arm rest of a couch," and broke his collar bone [*Id.*].

Next, Plaintiff claims that after being detained at the Campbell County Jail, he "sought medical attention from the facility nurse, [Defendant] Shepard, who stated that there was no injury and neglected [his] request for further medical attention" [*Id.*].  Plaintiff also requested medical attention from Defendant Hicks, a member of the medical staff at the Campbell County Jail, who "stated by way of sight that there was no injury and . . . neglected [his] request for further medical attention" [*Id.*].  Plaintiff was detained for ten days, and continued to request medical attention [*Id.*].  Then, Defendant Shepard had Plaintiff sent to Tennova Hospital, where it was found that he had a broken collar bone [*Id.*].

Plaintiff claims that Defendant Daugherty is liable for the use of "unnecessary excessive force," and that Defendants Shepard and Hicks are responsible for the "[n]eglect of medical attention" [*Id.* at 5].  Additionally, Plaintiff alleges that Defendant Goins, Campbell County Sheriff, is liable for "cruel and unusual punishment," as Plaintiff was detained by Defendant Goins' employees for ten days without appropriate medical attention [*Id.*].  Lastly, Plaintiff claims that Defendant Jones, a Captain at the Campbell County Jail, is responsible for the "neglect of medical attention upon numerous writ[t]en request[s] for medical attention" [*Id.*].

In his supplement to his amended complaint, Plaintiff states that he is bringing suit against Defendants Goins, Daugherty, Jones, Sheppard, and Hicks in both their individual and official

capacities [Doc. 10 p. 1]. Additionally, Plaintiff names a new Defendant, "Dr. Burrell, M.D." [*Id.*].

## II.    ANALYSIS

### A.    Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir.

1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").  In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law.  *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### B.    Lack of Personal Involvement

Plaintiff seeks to hold Defendants Goins and Jones liable, based upon their positions as Sheriff and Captain, for the alleged inadequate medical care he received during his detention at the Campbell County Jail [Doc. 9 p. 5].  Additionally, Plaintiff names Dr. Burrell as an additional Defendant seemingly responsible for the medical staff at the Campbell County Jail [Doc. 10 p. 1].  However, a defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983.  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  Additionally, Plaintiff's complaint fails to include any factual allegations against Defendant Burrell, other than listing him as a Defendant.  It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of constitutional rights).  Generous construction of pro se complaints is not limitless; indeed, a court need not assume or conjure up

claims that a pro se litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Plaintiff must affirmatively show that each Defendant he seeks to hold liable, through that

Defendant's own actions, has violated his constitutional rights. *Robertson v. Lucas*, 753 F.3d 606,

615 (6th Cir. 2014).

Further, Defendants Goins, Jones, and Burrell cannot be held liable due to their supervisory

positions at the Campbell County Jail. Under § 1983, "[g]overnment officials may not be held

liable for the unconstitutional conduct of their subordinates under a theory of respondeat

superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Bellamy v. Bradley*, 729 F.2d 416,

421 (6th Cir. 1984). Accordingly, "a plaintiff must plead that each Government-official defendant,

through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. A

plaintiff must show "that the supervisor encouraged the specific instance of misconduct or in some

other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citation omitted); *see also Greene

v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that "[s]upervisory liability under § 1983

does not attach when it is premised on a mere failure to act; it 'must be based on active

unconstitutional behavior'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Lastly, a plaintiff cannot maintain a claim against a prison official based solely on his or

her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to

act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v.

Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.

1999)); *see also Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (holding that a plaintiff's

"complaint regarding [defendant's] denial of [plaintiff's] grievance appeal, it is clear, fails to state

a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability

may not be imposed simply because a defendant denied an administrative grievance or failed to

act based upon information contained in a grievance."). Therefore, Plaintiff's allegations against Defendants Goins, Jones, and Burrell fail to state a claim for relief under § 1983, and they will be **DISMISSED** as Defendants.

### C. Official Capacity Claims

In his supplement to his amended complaint, Plaintiff states that he is asserting claims against all Defendants in both their individual and official capacities [Doc. 10 p. 1]. However, the Court previously held that Plaintiff's claims against Defendant Daugherty in his official capacity failed to state a claim for relief under § 1983 [Doc. 7 p. 6]. As the Court stated in its previous Order, a claim against a defendant in his official capacity is treated as an action against the governmental entity which employs him. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). Thus, a suit against the Defendants in their official capacities would be the equivalent of a suit against Campbell County or Corizon Health Services. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). The Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Corizon.[1] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

The second issue is dispositive of Plaintiff's official capacity claims against Campbell County and Corizon. A local government "cannot be held liable *solely* because it employs a

---

[1] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1998)).

tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality or entity cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Cty.*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). A municipal policy or custom can be found through: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer,* 735 F.3d 462, 478 (6th Cir. 2013).

"Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *see Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability." *Forrest v. Madison Cty.*, No. 16-1070-JDT-cgc, 2017 WL 4171986, at *5 (W.D. Tenn. Sept. 20, 2017). The allegations of Plaintiff's complaint fail to identify an official policy or custom which caused his injury. Rather, it appears that Plaintiff is bringing suit against Campbell County and Corizon because of the actions of their employees in allegedly providing inadequate health care. Plaintiff does not allege the existence of an official policy or suggest that his alleged injuries resulted from any such policy. Therefore, Plaintiff's

claims against the Defendants in their official capacities fail to state a claim for relief under § 1983, and will be **DISMISSED**.

### D. Excessive Force Claim

Plaintiff's claim against Defendant Daugherty for the alleged use of excessive force is analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Not every use of force will state a § 1983 claim, as "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396 (internal citation omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (internal citation omitted); *see also id.* at 396–97 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."). Additionally, the "reasonableness" inquiry is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (internal citations omitted).

The proper application of this standard involves applying the individual facts of every case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citation omitted); *see also Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006). "These factors are not an exhaustive list, as the ultimate inquiry is whether the totality of the circumstances justifies a particular sort of seizure." *Baker*, 471 at 606–07 (internal quotation marks omitted).

Liberally construing Plaintiff's allegations and reasonable inferences to be drawn therefrom, the Court finds that Plaintiff has set forth sufficient facts to state a plausible claim for relief as to his claim for excessive force against Defendant Daugherty in his individual capacity. Accordingly, Plaintiff's excessive force claim will proceed past the screening stage against Defendant Daugherty in his individual capacity. *See* 28 U.S.C. § 1915A.

### E. Deliberate Indifference Claims

Plaintiff also claims that Defendants Sheppard and Hicks, members of the medical staff at the Campbell County Jail, incorrectly found that Plaintiff had not suffered an injury [Doc. 1 p. 3]. For a convicted prisoner, claims for denial of adequate medical care arise under the Eighth Amendment, which prohibits cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (holding prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed"). An Eighth Amendment claim is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation; and (2) a subjective component, which requires a showing of a sufficiently culpable state of mind, one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).

In the case of a pretrial detainee, the Fourteenth Amendment Due Process Clause forbids officers from "unnecessarily and wantonly inflicting pain" on a pretrial detainee with "deliberate indifference" towards the detainee's serious medical needs. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). An officer's "deliberate indifference violates [this] right when the indifference is manifested by [officers] in intentionally denying or delaying access to medical care for a serious medical need." *Id.* (internal citations omitted). However, even though Plaintiff was not a convicted prisoner during the events at issue, the Court will analyze his claims under Eighth

Amendment principles because the rights of pretrial detainees are equivalent to those of convicted prisoners. *Thompson v. Cty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).[2]

Therefore, to state a claim for relief under § 1983, Plaintiff must allege that the Defendants were deliberately indifferent to his serious medical needs, meaning that the defendant knew of and disregarded a substantial risk of serious harm to the plaintiff's health. *Spears v. Ruth,* 589 F.3d 249, 254 (6th Cir.2009) (citing *Farmer v. Brennan,* 511 U.S. 825, 835–37 (1994); *Estate of Carter v. City of Detroit,* 408 F.3d 305, 311 (6th Cir. 2005)). "A plaintiff satisfies the subjective component by 'alleg[ing] facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). However, the subjective requirement of the Eighth Amendment is designed "to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

---

[2] On June 22, 2015, the Supreme Court held, in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), that excessive force claims brought by pre-trial detainees must be analyzed under a standard of objective reasonableness, rejecting a subjective standard that takes into account a defendant's state of mind. *Id.* at 2472–73. The Sixth Circuit has never "squarely decided whether the Fourth Amendment's objective reasonableness standard can ever apply to a plaintiff's claims for inadequate medical treatment." *Esch v. Cty. of Kent*, 699 F. App'x 509, 514 (6th Cir. 2017) (finding it unnecessary to determine whether the Fourth or Fourteenth Amendment applies because plaintiff's claims failed under both the deliberate indifference and objective reasonableness standards) (internal citations omitted). However, "[i]f the plaintiff is a pretrial detainee who has had a probable cause hearing, the Fourteenth Amendment (and by extension, the Eighth Amendment's deliberate indifference standard) governs her claims." *Id.* (citing *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010)).

Plaintiff's factual allegations relating to the alleged inadequate medical care he received at the Campbell County Jail fail to state a claim for relief under § 1983, as they constitute "medical malpractice claims," through the "misdiagnosis of an ailment." *Id.*; *see, e.g. Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Rouster*, 749 F.3d at 448 (finding no Eighth Amendment claim where physician immediately assessed decedent's condition and reasonably, but wrongly, diagnosed and treated his condition). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 604–05 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Plaintiff's allegations establish that he received medical attention upon arriving at the Campbell County Jail, was seen by two members of the medical staff, and, ultimately, was sent to an outside hospital for additional treatment. Plaintiff's objections to the alleged inadequacy of the treatment he received do not elevate his claim to the level of an Eighth Amendment violation. Accordingly, Plaintiff's claims relating to his medical treatment at the Campbell County Jail fail to state a claim for relief under § 1983, and they will be **DISMISSED**. As Plaintiff's complaint fails to include additional allegations against Defendants Sheppard and Hicks, they will also be **DISMISSED** as Defendants.

## F.    Request for Counsel

In his supplement to his amended complaint, Plaintiff requestes that the Court appoint him an attorney [Doc. 10 p. 2]. Parties do not have an "automatic" constitutional right to counsel in a civil rights suit and, typically, counsel is only appointed in an exceptional case. *Glover v. Johnson*,

75 F.3d 264, 268 (6th Cir. 1996) (observing that courts in the Sixth Circuit do not appoint counsel for indigent and pro se prisoners in civil rights cases absent truly extraordinary circumstances). The Court has carefully considered Plaintiff's request, his ability to represent himself, the record as a whole, and the issues and complexity of this case, and concludes that the appointment of counsel is not warranted because there are no exceptional circumstances to justify appointing counsel. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Accordingly, Plaintiff's request for the Court to appoint counsel will be **DENIED**.

## III. CONCLUSION

Based on the above, Plaintiff's claims against the Defendants in their official capacities fail to state a claim for relief under § 1983, and are **DISMISSED**. Further, Defendants Goins, Jones, Burrell, Sheppard, and Hicks are **DISMISSED** as Defendants to the current action. Additionally, Plaintiff's deliberate indifference claims are **DISMISSED**, and Plaintiff's request for counsel is **DENIED**. Accordingly, this action will proceed only as to Plaintiff's excessive force claim against Defendant Daugherty in his individual capacity.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Daugherty. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty days of receipt of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to timely return the completed service packets could jeopardize his prosecution of this action.

Defendant Daugherty **SHALL** answer or otherwise respond to the complaint within twenty-one days from the date of service. If any Defendant fails to timely respond to the complaint, judgment by default may be entered against him.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**SO ORDERED.**

**ENTER:**

_____*/s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE